IN THE UNITED STATES DISTRICT COURT
IN AND FOR BALTIMORE, MARYLAND.

FILED — ENTERED
JUN 0 5 2008
AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

RANDY ANTHONY WEAVER,

    Plaintiff,

VS.

STATE OF MARYLAND,
FREDERICK COUNTY DETENTION
CENTER, FREDERICK COUNTY
SHERIFF CHARLES JENKINS,

    Respondant(s).

RDB-08-1461

PETITION FOR EMERGENCY
"WRIT OF HABEAS
CORPUS"

---

COMES NOW, the Plaintiff, filing pro sé, does HEREBY MOVE THIS HONORABLE COURT FOR AN ORDER, REQUIRING THE RESPONDENT(S) TO SHOW CAUSE FOR HOLDING THE PLAINTIFF IN CUSTODY AGAINST THE PLAINTIFF'S WILL.

IN-SUPPORT THEREOF, THE PLAINTIFF WILL SHOW THE COURT THE FOLLOWING:

  (1). ON MAY 25, 2008 @ 4:30pm the PLAINTIFF WAS ARRESTED BY FREDERICK COUNTY SHERIFF'S DEPARTMENT, UPON AN ARREST WARRANT ISSUED ON APRIL 1, 2008 CHARGING PLAINTIFF WITH THEFT UNDER $500.00, And,

  (2). ARREST WARRANT WAS ISSUED BASED ON FACTS CONTAINED IN DET. JOSEPH ROWE'S "APPLICATION FOR STATEMENT OF CHARGES" as CLEARLY STATED ON ARREST WARRANT # D071232571, And,

-1-

(3). On page (2) two of arrest warrant, it states in part "Upon the facts contained in the application of Officer Rowe it is formally charged..." then becomes the obvious violations, and.

(4). On the coverpage - page 1 of 7 of Officer Rowe's charging document it shows that on March 10, 2008 Det. Rowe signed his name, it then claims/shows that (21) twenty-one days later, warrant was signed by Commissioner. [I learned that it was Commissioner Grove], and,

(5). On that same page (1 of 7) it shows that the alledged theft occurred on 08/01/07. This page contains both officer/commissioners signature. The date 08/01/07 happens to be (37) thirty-seven days prior to the theft alledgedly occurring on 09/08/07, according to the alledged victims (see page 2 of 7), and,

(6). The charging document goes on to change the alledged date of theft and additional (2) two more times, bringing the total to (4) four different dates that the same (one) theft occurred on., see page (3 of 7), and page (2) two of warrant itself, which now claims and October 8, 2007 date, and,

(7). Not once, throughout the entire (7) pages of Det. Rowe's charging document is it alledged that this plaintiff stole item(s) from 5630 Denton

-2-

CT. FREDERICK, MARYLAND.

(8). NOT ONCE IS THERE ANY CLAIMS THAT THIS PLAINTIFF WAS AT, NEAR, AROUND OR BY SAID VICTIMS RESIDENCE, OR THAT ANOTHER PERSON ACTING WITH PETITIONER WAS PRESENT, NEAR, AROUND OR BY SAID VICTIMS RESIDENCE, AND,

(9). CONSTITUTIONAL SAFEGUARDS REQUIRE THAT CERTAIN THINGS BE SATISFIED BEFORE ONE CAN IMPOSE ON THE FREEDOM/LIBERTY OF CITIZENS. ONE OF THOSE PROTECTIONS IS THE REQUIREMENT THAT PROBABLE CAUSE BE FOUND BEFORE A WARRANT CAN BE ISSUED, AND

(10). IN THE INSTANT CASE, IT WAS THE DUTY OF THE JUDICAL OFFICER (COMMISSIONER GROVE) TO BE VIGILANT AND TO FULLY REVIEW THE CHARGING DOCUMENT TO MAKE SURE THAT THE CONSTITUTIONAL SAFEGUARDS BE ADHERED TO; SHE CLEARLY FAILED IN THAT DUTY/OBLIGATION, AND,

(11) Additionally, THE FACT THAT THE CHARGING DOCUMENT ACCUSES THE PLAINTIFF OF A CRIME THAT HADN'T EVEN OCCURRED YET, SHOULD'VE ALERTED THE JUDICAL OFFICER TO A CONSTITUTIONAL RIGHTS VIOLATION, AND

(12). THE FACT THAT THERE IS NO WAY OF PROVING THAT DET. ROWE ACTUALLY SIGNED THE CHARGING DOCUMENT IN THE

-3-

PRESENCE OF ANY JUDICAL OFFICER. THE DATE OF MARCH 10, 2008, AND THE (3) THREE WEEK DIFFERENCE BETWEEN THAT DATE AND THE APRIL 1, 2008 SIGNING BY THE JUDICAL OFFICER IS A CLEAR INDICATION THAT DOCUMENTS WERE SIGNED ON DIFFERENT DATES. HAD THE DOCUMENTS BEEN SIGNED THE WAY THEY SHOULD'VE, THEY WOULD BOTH HAVE THE SAME DATES EITHER MARCH 10, 2008 OR APRIL 1, 2008.

WHEREAS, BASED ON THE FOREGOING, AND THE FACT THAT THE STATE WOULD HAVE AN UNSURMOUNTABLE HURDLE TO CONVICT PLAINTIFF OF THEFT, THUS PLAINTIFF MOVES THIS HONORABLE COURT FOR A HEARING ON THIS MATTER AND/OR AN ORDER FINDING THAT THE CONSTITUTIONAL RIGHTS OF PLAINTIFF HAVE BEEN VIOLATED AND ORDER THE PLAINTIFF RELEASED FROM CUSTODY, BASED ON FACT THAT WARRANT AMBIGUOUS AND FAILS TO PROPERLY INFORM THE PLAINTIFF OF HOW PLAINTIFF COMMITTED "THEFT".

DATED THIS 30th DAY OF MAY, 2008!

Respectfully Submitted,

Randy Anthony Weaver

RANDY ANTHONY WEAVER
PLAINTIFF-PRO SE
FREDERICK CO. DETENTION CNTR.
7300 MARCIE CHOICE LN.
FREDERICK, MD.
21704

TO: THE HONORABLE CLERK OF COURT
UNITED STATES DISTRICT COURT
101 W. LOMBARD ST.
BALTIMORE, MD.
21202

PLEASE Acknowledge RECEIPT OF THIS MOTION

FROM: MR. RANDY A. WEAVER #039532
FREDERICK CO. DETENTION CNTR
7300 MARCIE CHOICE LN.
FREDERICK, MARYLAND
21704

FILED   ENTERED
LODGED   RECEIVED

JUN 0 5 2008

CLERK
DIS...

MAY 30, 2008

DEAR HONORABLE CLERK,

PLEASE FIND ENCLOSED, A PRO SÉ MOTION SEEKING THIS HONORABLE COURTS INTERVENTION BASED ON UNLAWFUL DETENTION. IT IS THE POSITION OF THE PETITIONER THAT THE CHARGING DOCUMENTS, WHICH WERE USED TO ISSUE AN ARREST WARRANT FOR PETITIONER DOES NOT MEET THE CONSTITUTIONAL SAFEGUARDS AFFORDED THE PETITIONER UNDER BOTH THE DUE PROCESS AND EQUAL PROTECTION CLAUSES.

THE PETITIONER, AS STATED IN ENCLOSED MOTION WOULD MOVE THIS HONORABLE COURT FOR AN ORDER, REQUIRING THE STATE TO PRODUCE FOR INSPECTION ANY PROBABLE CAUSE THAT WOULD JUSTIFY PETITIONER'S ARREST WARRANT FOR THEFT!

CC: RAW file.

Respectfully Submitted,
Randy Anthony Weaver
RANDY ANTHONY WEAVER